**Opinion issued December 19, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00858-CR

_____

**THURSTON RICKEY-LEE DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1571123**

---

## MEMORANDUM OPINION

Appellant, Thurston Rickey-Lee Davis, was found guilty after a jury trial of

the first-degree felony offense of aggravated robbery with a deadly weapon. *See*

TEX. PENAL CODE § 29.03(a)(2), (b). At appellant's election, the trial court assessed

his punishment at 25 years' confinement. This sentence is within the applicable

sentencing range. *See* TEX. PENAL CODE §§ 12.32(a), 29.03(b). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See generally Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008) (orig. proceeding). Furthermore, counsel has certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*,

2

436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant filed a pro se response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that reviewing court need not address merits of each claim raised in *Anders* brief or *pro se* response after determining no arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Assistant Public Defender Nicholas Mensch must immediately send the required notice and file a copy of that

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27; TEX. R. APP. P. 48.4.

3

notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justice Keyes and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).